```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

VICTOR MORALES,

        Plaintiff,

v.                                Case No. 8:12-cv-849-T-33TGW

COOPERATIVA DE SEGUROS
MULTIPLES DE PUERTO,

        Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Defendant, Cooperativa De Seguros Multiples De Puerto's, Amended Motion to Dismiss and, in the alternative, Motion for More Definite Statement filed on May 10, 2013. (Doc. # 32). Plaintiff, Victor Morales, filed a response in opposition to the Motion on May 24, 2013. (Doc. # 33). Upon due consideration, and for the reasons stated below, the Court denies Cooperativa's Motion.

**I.   Background**

On April 18, 2012, Mr. Morales initiated an action against Cooperativa alleging breach of contract for failure to pay insurance benefits purportedly due to Mr. Morales under a homeowner's insurance policy. (Doc. # 1). Subsequently, on June 4, 2012, Cooperativa filed an

unopposed motion to compel neutral evaluation and motion to stay litigation proceedings, pursuant to Florida Statute 627.7074, (Doc. # 7), which the Court granted on June 8, 2012. (Doc. # 11). Additionally, on June 4, 2012, Cooperativa filed a motion to dismiss the amended complaint and alternative motion for more definite statement (Doc. # 8); however, because the case was stayed and administratively closed, the Court denied Cooperativa's motion without prejudice. (Doc. # 11).

On February 13, 2013, the Court lifted the stay and re-opened the case. (Doc. # 16).[1] Thereafter, on May 10, 2013, Cooperativa filed the present Motion (Doc. # 32), arguing that: (1) Mr. Morales failed to state a claim upon which relief can be granted; (2) Mr. Morales failed to provide adequate notice to Cooperativa of the claims against it, warranting a more definite statement; and (3) Mr. Morales impermissibly failed to join his spouse, Ms. Martinez, as a party to the action. Id. Mr. Morales responded in opposition to the Motion on May 24, 2013. (Doc. # 33).

---

[1] The neutral evaluation process was completed on January 9, 2013. However, the parties were unable to resolve the issues, and subsequently jointly moved to lift the stay and re-open the case. (Doc. # 16).

**II.   Legal Standard**

    **A.   Rule 12(b)(6)- Failure to State a Claim**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

3

As a threshold matter, the Court notes that the Motion has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings. When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(d) requires that the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56. "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'"[2] Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)).

### B.   Rule 12(e) – More Definite Statement

Under Rule 12(e) of the Federal Rules of Civil Procedure, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired."

---

[2] The Court notes that in the Amended Complaint, Mr. Morales attached a copy of the pertinent homeowner's insurance policy.  The Court has considered the attached policy, but has not considered any other documents in making its determination.

4

Courts look to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure when considering a motion for a more definite statement. Palma Vista Condo. Ass'n of Hillsborough Cnty., Inc. v. Nationwide Mut. Fire Ins. Co., No. 8:09-CV-155-T-27EAJ, 2010 WL 2293265, at *1 (M.D. Fla. June 7, 2010). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading that satisfies the notice requirement of Rule 8 is sufficient to endure a Rule 12(e) motion for a more definite statement. Palma Vista Condo. Assn'n, No. 8:09-CV-155-T-27EAJ, 2010 WL 2293265, at *1.

### III. Analysis

#### A. Failure to State a Claim

From the Court's review of the Amended Complaint, it appears the dispute between the parties is premised on breach of contract. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332;[3]

---

[3] In sufficiently establishing diversity jurisdiction, Mr. Morales has alleged that he is a citizen of Florida and Cooperativa is an insurance company incorporated under the laws of Puerto Rico with its principal place of business in a state other than Florida. (Doc. # 31). Furthermore, Mr. Morales has adequately alleged that the amount in controversy in this action exceeds the jurisdictional threshold of $75,000. (Doc. # 2).

5

therefore, state substantive law applies. Under Florida law, in order to state a claim for breach of contract, Plaintiffs must establish: (1) the existence of a valid contract; (2) material breach thereof; and (3) damages flowing from the breach. Murciano v. Garcia, 958 So. 2d 423, 423 (Fla. 3d DCA 2007).

In the Amended Complaint, Mr. Morales claims "Defendant executed and delivered to the Plaintiff an all risk policy of property insurance, effective November 15, 2009 to November 15, 2010, covering the Plaintiff's residence against all losses unless specifically excluded." (Doc. # 2 at ¶ 2). Mr. Morales further alleges that on or about October 1, 2010, he "suffered a covered loss to the insured residence in the form of direct physical damage to the structure including cracking of the walls, floors, and other portions of the insured premises." (Id. at ¶ 3).

After the alleged loss, Mr. Morales contends that he "notified Defendant of the loss sustained, provided Defendant with all the details surrounding the loss, and allowed the Defendant to study, inspect, and survey the property, thus fully complying with all provisions of the insurance policy relating to giving notice of the loss and cooperating in the investigation of the loss," and

thereafter, he was subsequently denied benefits under his insurance policy. (Id. at ¶¶ 4-5). As a result, Mr. Morales claims he suffered damages to his dwelling and surrounding structures, which includes "costs to stabilize the land and building and repair the foundation, loss of use including additional living expenses, costs associated with debris removal, costs of preservation of property including landscaping restoration, any consequential damages plus the applicable interest rate, and all other elements of damages provided for in the policy. . . ." (Id. at ¶ 7).

It is Cooperativa's position that Mr. Morales has failed to state a claim upon which relief can be granted because in order to determine its obligations and defenses under the applicable insurance policy, Cooperativa must be advised of the scope of the alleged loss and resulting damage. (Doc. # 32 at ¶ 9). While the Court recognizes that Cooperativa's obligations and defenses under the insurance policy may depend upon the "cause, type, and manner of loss [or] damage alleged" (Id. at ¶ 8), Rule 8 of the Federal Rules of Civil Procedure only requires that a complaint contain sufficient factual matter, that when accepted as

true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Upon due consideration of the well-pleaded allegations of Mr. Morales' Amended Complaint, which the Court must accept as true at this point in time, the Court determines that it is appropriate to deny Cooperativa's 12(b)(6) Motion. In the Court's view, Mr. Morales has alleged sufficient allegations to raise a right to relief beyond the mere speculative level and to state a plausible claim for relief.

**B.     Motion for More Definite Statement**

Based on the above reasoning, the Court also finds it unnecessary to require Mr. Morales to provide a more definite statement of his claim under Rule 12(e) of the Federal Rules of Civil Procedure. Mr. Morales has alleged that his insured property sustained damage during the relevant policy period, and Morales has described the damage to the property in the Amended Complaint. (Doc. # 2 at ¶¶ 3,7). Furthermore, Mr. Morales claims that he notified Cooperativa of the loss, and Cooperativa refused to provide insurance benefits. (Id. at ¶¶ 4-5). As a result, Mr. Morales seeks monetary damages and statutory attorney's fees. (Id. at ¶¶ 7,9). The Amended Complaint,

8

although not a model of clarity, is not so vague and ambiguous as to warrant a more definite statement.

### C. Failure to Join an Indispensible Party

Cooperativa also contends that both Mr. Morales and his spouse, Ms. Martinez, are insured under the policy and entitled to the contractual obligations contained therein and, therefore, both should be parties to the current action. (Doc. # 32 at ¶¶ 15-16). In support of its argument, Cooperativa points to the definition section of the relevant homeowner's insurance policy (Id. at ¶ 14), which states in pertinent part that the "insured" includes "you and residents of your household who are: (1) [y]our relatives. . . ." (Id.).

The Court acknowledges that Cooperativa is raising an argument under Rule 19 of the Federal Rules of Civil Procedure. However, at this juncture, Cooperativa has not provided the Court with substantive analysis indicating that Ms. Martinez would qualify as a required party under the two-step approach followed by the Eleventh Circuit in analyzing motions to dismiss based upon failure to join a required party:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible.

9

> If the person should be joined but cannot (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

<u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1280 (11th Cir. 2003)(quoting <u>Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.</u>, 669 F.2d 667, 669 (11th Cir. 1982)). Furthermore, Mr. Morales has responded to Cooperativa's assertions regarding joinder of Ms. Martinez with inapposite case law.

Therefore, the court denies Cooperativa's Motion to Dismiss for failure to join Ms. Martinez without prejudice. If Cooperativa seeks dismissal of Mr. Morales' action based on Mr. Morales' failure to include Ms. Martinez in this suit, Cooperativa may file a separate motion and memorandum under Rule 19, Fed. R. Civ. P., and governing Eleventh Circuit law by August 16, 2013.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Amended Motion to Dismiss, and in the alternative, Motion for More Definite Statement is **DENIED** as specified above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of August, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record